UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE LATRIVIA ANN RICE ) | |
| ) | No. 4:20 MC-702 RLW |
| ) | |

**MEMORANDUM AND ORDER OF DISMISSAL**

This miscellaneous matter is before the Court on review of the file. On October 5, 2020, self-represented litigant Latrivia Ann Rice ("Ms. Rice") filed a document in this Court titled "Affidavit and Notice of Entry of Foreign Judgement" [sic] (ECF No. 1). The document does not include a case caption with the court name and listing all of the parties as required by Rule 10(a) of the Federal Rules of Civil Procedure. Attached as exhibits thereto are a document titled "Affidavit of Truth and Fact Notice of Default Judgement [sic] of Un-rebutted Affidavit with Certified Proof of Service" (ECF No. 1-1), and a second document titled "Affidavit of Truth and Fact Notice of Special Appearance (ECF No. 1-2). Ms. Rice paid the filing fee for a miscellaneous action and the case was filed by the Clerk as a new miscellaneous action. Ms. Rice did not seek issuance of summons or otherwise attempt to effect service of process on any party through the Court, although numerous certified mail receipts are attached to her filings.

On November 23, 2020, Ms. Rice filed a document titled "Order Granting Plaintiff's Affidavit and Notice of Entry of Foreign Judgement [sic] Order" (the "Proposed Order"). The document includes a case caption in this Court listing the parties as "Latrivia Ann Rice Plaintiff/Judgment Creditor v. Daniel Blessings Assignees of Blessings Enterprises Defendant/Judgement [sic] Debtor." (ECF No. 2.) Attached to the Proposed Order as exhibits are a recorded Assignment of Mortgage with respect to a mortgage made and executed by Latrivia Rice given to secure payment of $134,013.00 with respect to Lot 111 of the Villages of

Jost Farm The Manors Plat One in St. Louis County, Missouri (ECF No. 2-1), and a promissory Note dated March 7, 2012, in the amount of $134,013.00 executed by Latrivia Rice as Borrower payable to U.S. Bank N.A. as Lender, with respect to 3904 Jost Farm Way, Florissant, MO 63034 (ECF 2-2).

In the Proposed Order, Ms. Rice seeks "Judgement [sic] against Defendants Daniel Blessings et al in accordance with Rule 55. Default Judgment." (ECF No. 2 at 1.) Ms. Rice "prays for relief in the amount of $7,000,000.00 USD and a writ of possession for the property located at 3904 Jost Farm Way at the City of Florissant, Missouri 63034 due to the defendant's failure to plead or otherwise contest Affidavit of Notice of Default sent on October 5, 2020 see Case No. 4:20-MC-00702 RLW[.]" (Id.) Ms. Rice did not file a motion with the Court with respect to the Proposed Order but has contacted the Clerk's Office several times by telephone seeking to obtain Court action concerning it.

Title 28 United States Codes Section 1963, titled "Registration of judgments for enforcement in other districts," states as follows:

> <u>A judgment in an action for the recovery of money or property *entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade* may be registered by filing a certified copy of the judgment in any other district</u> or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
>
> A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
>
> The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

2

28 U.S.C. § 1963 (emphases added).

Ms. Rice's "Affidavit and Notice of Entry of Foreign Judgement" [sic] (ECF No. 1), the documents attached thereto as exhibits, the proposed "Order Granting Plaintiff's Affidavit and Notice of Entry of Foreign Judgement [sic] Order" (ECF No. 2), and its exhibits, are on their face insufficient to show that any judgment has been entered in Ms. Rice's favor in any court of appeals, district court, bankruptcy court, or the Court of International Trade that may be registered in this Court. See 28 U.S.C. § 1963. "A litigant, of course, may not obtain a judgment, a mandate, or seize property via a writ of execution merely by drawing and signing a self-serving document stating that [s]he has obtained a judgment and having such document file stamped by a clerk of a court." Chatmon v. Churchill Trucking Co., 467 F. Supp. 79, 81 (W.D. Mo. 1979). Because Ms. Rice has not presented for filing with this Court a certified copy of a judgment entered by an appropriate court of record, and instead filed legally frivolous documents of her own creation, there is nothing to register in this Court and this action will be dismissed on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of November, 2020.